STATE OF CONNECTICUT *v.* GLORIA A. JACKSON

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 1, 1964

*Gloria Anne Jackson,* the defendant, pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-five, pleaded guilty to the charge of escape from a penal institution and on February 4, 1964, was sentenced to the state prison at Niantic for a term of not less than one nor more than three years. The maximum sentence for this offense is not more than ten years. General Statutes § 53-155.

On January 15, 1964, the defendant, together with a codefendant, Cynthia Ann Coleman, requested permission from one of the matrons on duty to go upstairs to another room. Earlier in the day they had tampered with the door lock in one of the rooms in the building through which they now made an escape from the building. Escaping further from the grounds of the state prison, they hitchhiked to Groton, where they came upon two sailors who agreed to drive them to New Haven. They were apprehended when the vehicle in which they were riding was stopped at the Saybrook toll station.

This is not this defendant's first escape from this institution. On June 5, 1963, she escaped from

the state farm for women while serving a five-to-eight-year sentence on a narcotics charge. At that time she received a sentence of not less than a year and one day, nor more than four years. Her prior criminal record is bad.

She has no quarrel with the present sentence. Her quarrel is with the fact that the court ordered it to run consecutively. This, she claims, will unreasonably affect her eligibility for parole. This very same claim was made before the court. At that time the court stated: " . . . I feel very strongly to just give them a concurrent sentence is, in effect, doing nothing at all. It is only encouraging more problems, more escapes, and I do feel that an additional penalty should be imposed." We are unable to quarrel with this reasoning on the part of the court.

For the above recited reasons, the sentence as imposed is fair and should stand.

MEYERS, BARBER and BOGDANSKI, Js., participated in this decision.